UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>REGINALD ROBINSON, JR.,<br>Defendant | 4:23-cr-40013<br><br>MEMORANDUM OPINION<br>AND ORDER |

Pending before the Court is Defendant's motion to dismiss the charge of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 922(g)(3). (Doc. 30). The Defendant argues the two provisions are unconstitutional under the Second Amendment facially and as applied to him. He argues § 922(g)(3) is also unconstitutional under the Due Process Clause of the Fifth Amendment facially and as applied. He argues § 922(g)(3) is vague and thus fails to provide adequate notice of the conduct that is prohibited resulting in the possibility of arbitrary and discriminatory enforcement. The Government has responded, stating its position that §§ 922(g)(1) and 922(g)(3) are constitutional under both the Second Amendment and the Fifth Amendment Due Process Clause. (Doc. 33).

## BACKGROUND

Defendant was apprehended for alleged shoplifting. The arresting officer reported an odor of marijuana coming from Defendant, who allegedly admitted to smoking marijuana before entering the store. The officer searched him and found 2.6 grams of marijuana and a Ruger P94 pistol and magazine. A subsequent search yielded a small amount of methamphetamine. In 2015, Defendant was convicted of possession of methamphetamine with intent to distribute, and in 2016 of ingestion of a controlled substance and distribution of a fraudulent controlled substance.

## ANALYSIS

### 1. Second Amendment Developments

The Second Amendment provides as follows: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

In recent years, the Supreme Court has addressed the parameters of the Second Amendment in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010). The Court augmented a broad view of the Second Amendment in its landmark decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, which held that the Second Amendment protects an individual's "right to carry a handgun for self-defense outside the home," and as

a result, regulations on firearms must meet certain requirements. 597 U.S. ___, 142 S.Ct. 2111, 2122, 213 L.Ed.2d 387 (2022). The Court ruled further that a gun regulation must do more than promote an "important interest," and instead must also be "consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126.

To implement this approach the Court stated that if the Second Amendment's "plain text" covers a person's conduct, the Constitution "presumptively protects it." *Id.* at 2127. In that situation, the Government bears the burden of proving that, when analyzed in light of the country's historical tradition, any modern regulation imposes a "comparable burden on the right of armed self-defense and whether that burden is comparably justified." *Id.* at 2133. In engaging in the required analysis there should be an assessment of whether a societal problem has persisted since the 18th Century and gone unregulated, and if so, that is relevant evidence that the modern regulation is inconsistent with the Second Amendment. *Id.* at 2131. Likewise, a modern regulation is inconsistent if an earlier generation's approach was materially different or a proposed approach akin to the modern regulation was rejected. *Id.*

On the other hand, "unprecedented societal concerns or dramatic technological changes" might demand "a more nuanced approach." *Id.* Reasoning by analogy to find relevant similarities will shape the analysis of whether a

a result, regulations on firearms must meet certain requirements. 597 U.S. ___, 142 S.Ct. 2111, 2122, 213 L.Ed.2d 387 (2022). The Court ruled further that a gun regulation must do more than promote an "important interest," and instead must also be "consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126.

To implement this approach the Court stated that if the Second Amendment's "plain text" covers a person's conduct, the Constitution "presumptively protects it." *Id.* at 2127. In that situation, the Government bears the burden of proving that, when analyzed in light of the country's historical tradition, any modern regulation imposes a "comparable burden on the right of armed self-defense and whether that burden is comparably justified." *Id.* at 2133. In engaging in the required analysis there should be an assessment of whether a societal problem has persisted since the 18th Century and gone unregulated, and if so, that is relevant evidence that the modern regulation is inconsistent with the Second Amendment. *Id.* at 2131. Likewise, a modern regulation is inconsistent if an earlier generation's approach was materially different or a proposed approach akin to the modern regulation was rejected. *Id.*

On the other hand, "unprecedented societal concerns or dramatic technological changes" might demand "a more nuanced approach." *Id.* Reasoning by analogy to find relevant similarities will shape the analysis of whether a

historical regulation is an appropriate analogue to a modern one. *Id.* at 2132. As the Court added, although a modern regulation may not be "a dead ringer for historical precursors, it still may be analogous enough to pass constitutional muster." *Id.* at 2133.

### 2. 18 U.S.C. § 922(g)(1)

The Defendant has challenged the following provision of the United States Code:

> (g) It shall be unlawful for any person-
>   (1) who has been convicted in any court of, a crime punishable for a term exceeding one year;...
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; ....

18 U.S.C. § 922(g)(1).

The Eighth Circuit has engaged in the analysis demanded by *Bruen* in addressing a challenge to the constitutionality of 18 U.S.C. § 922(g)(1). In *United States v. Jackson*, the defendant unsuccessfully challenged his conviction for being a felon in possession of a firearm. 69 F.4th 495 (8th Cir. 2023) rehearing and rehearing en banc denied, 2023 WL 5605618 (8th Cir. 8/30/23). The court traced historical prohibitions on possessing firearms by certain groups, either as persons who were dangerous or were not law abiding. 69 F.4th at 502. In the court's view, both rationales would justify the prohibition on possession of a firearm by a felon in § 922(g)(1).

In support of its analysis, *Jackson* drew from *Heller* that nothing in its ruling should "cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 501 (citing *Heller*, 554 U.S. at 626). The court emphasized *Bruen*'s reinforcement of the enduring prohibition of felons possessing firearms. *Jackson*, 69 F.4th at 502 (citing Alito, J., concurring, at 142 S.Ct. at 2157; Kavanaugh, J., concurring, joined by Roberts, C.J., 142 S.Ct. at 2162; and Breyer, J., dissenting, joined by Sotomayor, J., and Kagan, J., 142 S.Ct. at 2189). The court also cited its ruling which predated *Bruen* that had a similar analysis. In *United States v. Bena*, the court had ruled that firearm possession could be prohibited for anyone who had shown disrespect for legal norms and thus was not law abiding. 664 F.3d 1180, 1183-84 (8th Cir. 2011).

Given the Eighth Circuit's resolution of the question of the constitutionality of 18 U.S.C. § 922(g)(1) in *Jackson*, this Court's analysis is at an end. As the Eighth Circuit stated shortly after its decision in *Jackson*, because the *Jackson* court engaged in a lengthy historical analysis and held that § 922(g)(1) is constitutional, there is "no need" for a felony-by-felony determination of constitutionality as applied to a particular defendant. *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023). *Cunningham's* directive means the extent of a defendant's felony record and his potential for violence do not necessitate further inquiry because the prohibition in § 922(g)(1) is dispositive of both the facial and

as-applied challenge. Courts have followed *Cunningham's* instruction. See generally *United States v. Nordvold*, 2023 WL 5585089, at *1 (D.S.D. 8/1/23) (noting constitutional challenges to § 922(g)(1) are foreclosed by *Jackson* and *Cunningham*); *United States v. Andrews*, 2023 WL 4974766, at *13 (D. Minn. 8/3/23); *United States v. Williams*, 2023 WL 5155252, at *1 (D. Minn. 8/10/23).

Based on the foregoing analysis, the Court denies the Defendant's motion to dismiss the charge pursuant to 18 U.S.C. § 922(g)(1) based on the Second Amendment.

### 3. 18 U.S.C. § 922(g)(3)

The Defendant has lodged both a facial and as-applied challenge to 18 U.S.C. § 922(g)(3) which provides as follows:

> (g) It shall be unlawful for any person—
>     (3) who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802));…
> to ship or transport in interstate commerce, or possess in or affecting commerce, any firearm or ammunition….

18 U.S.C. § 922(g)(3).

a. Constitutionality under the Second Amendment

To address Defendant's challenge to the constitutionality of § 922(g)(3) facially and as applied, the Court will review decisions from the Eighth Circuit and other courts as well as the submissions by the Parties. (Doc. 31, 33, 36). The Court acknowledges both the application of Eighth Circuit precedent and the

6

requirement that the Government bear the burden of proof on the issue of the constitutionality of the statute in light of the historical background.

As a preliminary matter, the Court has determined that for the purposes of the Defendant's motion, the Court will treat him as a member of "the people" to whom the Second Amendment applies. See *Jackson*, 69 F.4th at 503-04 (analyzing application of § 922(g)(1) to felon). But see *United States v. Sitladeen*, 64 F.4th 978, 983-84 (8th Cir. 2023) (analyzing § 922(g)(5) and holding Second Amendment does not apply to person unlawfully in the United States).

Prior to the holding in *Bruen*, the Eighth Circuit addressed the constitutionality of 18 U.S.C. § 922(g)(3) in *United States v. Seay*, 620 F.3d 919 (8th Cir. 2010). The defendant raised a facial attack, which the court rejected in reliance on *Heller*. *Id.* at 925-26 (citing *Heller* at 554 U.S. 570, 626, 128 S.Ct. at 2816-17). The court quoted *Heller*'s admonition that its holding "did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons and the mentally ill." *Id.* at 924 (quoting *Heller*, 554 U.S. at 626). The court noted the extensive authority that had upheld the constitutionality of the statute, referencing its "historical pedigree," albeit limited to the context of the Gun Control Act of 1968. *Id.*

Supplements to the historical pedigree discussed in *Seay* were well-summarized in the Parties' briefs, (Doc. 31, 33, 36), which the Court has consulted along with the discussions of the history of the Second Amendment in *Heller*, *McDonald*, *Bruen,* and many other cases. Among those included in the canvass of pertinent sources is *United States v. Rahimi*, 61 F.4th 443 (5th Cir.) (holding § 922(g)(8) unconstitutional), cert. granted, 143 S.Ct. 2688 (2023). The Court also has reviewed the historical accounts in *Jackson,* as noted above, and in the recently-decided *Sitladeen*, which upheld the constitutionality of § 922(g)(5), prohibiting firearm possession by one not lawfully in the United States. 64 F.4th at 985-87. See also *United States v. Okello*, 2023 WL 5515828, at *3-5 (D.S.D. 8/25/23) (historical analysis pertaining to § 922(g)(3)); *United States v. Lowry*, 2023 WL 3587309, at *5-6 (D.S.D. 5/5/23) (pre-*Jackson* report and recommendation recounting historical basis for § 922(g)(1)). Secondary sources also have informed the Court's analysis.

Based on this background, the Court concludes that provisions from the colonial era and early statehood are consistent with modern society's concern with the possession of weapons by those who might be impaired by alcohol or controlled substances. Statutes in effect during the 17-19th Centuries analogous to § 922(g)(3) were enacted to control the possession and use of firearms by intoxicated individuals. For example, in a challenge to the prohibition on medical

8

marijuana users from possessing firearms, a sister court noted the existence of colonial and post-Revolutionary War provisions restricting intoxicated people from possessing guns. *Fried v. Garland*, 640 F.Supp.3d 1252, 1262-63 (N.D. Fla. 2022) (citing a Virginia statute from 1655; New York statute from 1771). A 1746 New Jersey statute authorized the disarming of any soldier who is intoxicated. Acts of the General Assembly of the Province of New Jersey 303 (1752). For a discussion of early gun regulations see Robert H. Churchill, Gun Regulation, the Police Power and the Right to Keep Arms, 25 Law & Hist. Rev. 139 (2007). Some post-Civil War statutes prohibited intoxicated persons from possessing firearms. See, e.g., Kansas Gen. Stat., Crimes & Punishments § 282 (1868); Act of Apr. 3, 1883, ch. 329, § 3,reprinted in 1 The Laws of Wisconsin 290 (Madison, Democrat Printing Co. 1883). See generally, Carole Emberton, the Limits of Incorporation: Violence, Gun Rights, and Gun Regulation in the Reconstruction South, 17 Stan. L. & Pol'y Rev. 615 (2006). See also, *McDonald,* 561 U.S. at 931-38 (Breyer, J., dissenting) (reviewing gun regulations of 18th and 19th centuries); *United States v. Yancey*, 621 F.3d 681, 684 (7th Cir. 2010) (analyzing historical sources in upholding challenge to 18 U.S.C. § 922(g)(3)); *Okello,* 2023 WL 5515828, at *4 (same). The rationale for such legislation was aptly described as necessary because, like intoxicated persons, "habitual drug users…are more likely to have difficulty

9

exercising self-control, making it dangerous for them to possess deadly firearms." *Yancey*, 621 F.3d at 685.

In addition, colonial or founding-era statutes restricting gun possession reflected concerns about impaired persons who may have had a mental illness. See, e.g. *Heller*, 554 U.S. at 626; *McDonald*, 561 U.S. at 786. Other statutes addressed the concern with people who could be deemed not "law-abiding" and possibly dangerous. See *United States v. Cooper*, 2023 WL 6441943, at *4 (N.D. Iowa 9/29/23); *United States v. Randall*, ___ F.Supp.3d ___, 2023 WL 3171609, at *3 (S.D. Iowa 2/14/23); *United States v. Lewis*, ___ F.Supp.3d ___, 2023 WL 4604563, at *11 (S.D. Ala. 7/18/23). By definition, users of controlled substances are not law-abiding and potentially pose a danger to the community. The Court finds the Government has met its burden of proving that 18 U.S.C. § 922(g)(3)'s prohibition on the possession of firearms by users or those addicted to controlled substances is consistent with the historical approach to intoxicated, non-law abiding, and mentally ill persons, and therefore, does not violate the Second Amendment.

Many courts in the Eighth Circuit have addressed constitutional challenges to § 922(g)(3) following *Bruen* and have found the provision complies with the Second Amendment. Moreover, they have continued to apply *Seay* in rejecting facial constitutional challenges to § 922(g)(3). See, e.g., *United States v. Pruden*,

2023 WL 6628606, at *2 (N.D. Iowa 10/11/23); *United States v. Cooper*, 2023 WL 6441943, at *4-5 (N.D. Iowa 9/29/23); *United States v. Grubb*, 2023 WL 5352000, at *3 (N.D. Iowa 8/21/23); *United States v. Le*, 2023 WL 3016297, at *2-3 (S.D. Iowa 4/11/23); *United States v. Walker*, 2023 WL 3932224, at *4-5 (D. Neb. 6/9/23); *United States v. Alston*, 2023 WL 5959865, at *5 (E.D. Mo. 8/26/23) (report and recommendation). Courts in other jurisdictions have rejected facial challenges as well. See, e.g., *United States v. Seiwart*, 2022 WL 4534605, at *2 (N.D. Ill. 9/28/22); *United States v. Posey*, 2023 WL 1869095, at *9-10 (N.D. Ind. 2/9/23). The Court recognizes that at least two courts disagree and have found that § 922(g)(3) violates the Second Amendment. *United States v. Connelly*, 2023 WL 2806324, 812 (W.D. Tex. 4/6/23); *United States v. Harrison*, 2023 WL 1771138, at *24 (W.D. Okla. 2/3/23).

Based on the foregoing, the Court concludes that *Bruen* did not repudiate *Seay*, nor has the Eighth Circuit. This Court must follow binding precedent. *Dean v. Searcy*, 893 F.3d 504, 511 (8th Cir. 2018); *United States v. Cavanaugh*, 643 F.3d 592, 606 (8th Cir. 2011). Thus, in reliance on *Seay* and based on the Court's own assessment of the historical pedigree, this Court rejects the facial challenge to 18 U.S.C. § 922(g)(3) raised by Defendant and denies the motion to dismiss.

    b. Constitutionality under the Fifth Amendment Due Process Clause

An individual challenging a statute for vagueness must establish that it "(1) fails to provide a person of ordinary intelligence fair notice of what is prohibited, or (2) is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Cook*, 782 F.3d 983, 987 (8th Cir.) cert. denied, 136 S.Ct. 262 (2015). The challenger need not prove the statute is vague in all of its applications, but must show it is vague as applied to his or her conduct. *United States v. Bramer*, 832 F.3d 908, 909 (8th Cir. 2016) (citing *Cook*, 782 F.3d at 987). See *Johnson v. United States*, 576 U.S. 591, 602 (2015). In the context of a pretrial motion, however, the evidence of an individual's conduct may not be adequately before the court. *United States v. Stupka*, 418 F.Supp.3d 402, 406-07 (N.D. Iowa 2019). In such case, the court must defer ruling on the challenge until evidence is presented at trial.

An exception to this approach can arise with a facial challenge if a fundamental right is at stake, meaning the court could grant a motion to dismiss. *Stupka*, 418 F.Supp.3d at 411-12. As the Court has held, § 922(g)(3) fits within the tradition of historical firearms regulations on possession of firearms by those using alcohol, as well as by people who are mentally ill or not law-abiding. Furthermore, the Eighth Circuit, along with many courts, has found various subsections of 18 U.S.C. § 922 constitutional, as discussed above. Therefore, the Court declines to find that § 922(g)(3) infringes improperly on a fundamental right and denies

Defendant's motion to dismiss based on a facial challenge under the Due Process Clause.

With respect to an as-applied challenge to the constitutionality of § 922(g)(3), the Eighth Circuit has advised that a determination must wait until trial, given that the challenge ordinarily is fact-bound. *United States v. Turner*, 842 F.3d 602, 604 (8th Cir. 2016). The court explained that the phrase "unlawful user of…any controlled substance" could be unconstitutionally vague "without a temporal nexus between the gun possession and regular drug use." *Id.* at 605 (citing *United States v. Turnbull*, 349 F. 3d 558, 561 (8th Cir. 2003), vacated, 543 U.S. 1099 (2005), reinstated, 414 F.3d 942 (8th Cir. 2005) (per curiam)). The court has clarified that "regular drug use" need not be on a particular day or particular time before the firearms possession, but that the "unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct." *United States v. Carnes*, 22 F.4th 743, 748 (8th Cir. 2022) (quoting *United States v. Boslau*, 632 F.3d 422, 430 (8th Cir. 2011)).

These issues must be reserved for determination at trial as numerous courts have held in applying *Turnbull* and *Turner*. See, e.g., *Alston*, 2023 WL 5959865, at *4; *Cooper*, 2023 WL 6441943, at *5; *Walker*, 2023 WL 3932224, at *2. See also *United States v. Hoeft*, 2023 WL 2586030, at *7 (D.S.D. 3/21/23) (ruling on factual questions regarding proof of 18 U.S.C. § 922(g)(9) offense must await trial). The

Court holds in abeyance Defendant's as-applied challenge under the Due Process Clause.

## CONCLUSION

Defendant's motion to dismiss based on his challenge to the constitutionality of 18 U.S.C. § 922(g)(1) under the Second Amendment is denied. Both Eighth Circuit precedent and this Court's analysis of the historical pedigree lead to the conclusion that the restriction on felons' possession of firearms is consistent with longstanding restrictions on such possession by non-law abiding and potentially dangerous persons.

Defendant's motion to dismiss based on his facial challenge to 18 U.S.C. § 922(g)(3) under the Second Amendment is denied. Eighth Circuit precedent upholding this statute is consistent with *Bruen*. In addition, the Court's assessment of historical sources indicates the restriction on possession of firearms by a person who uses or is addicted to controlled substances is analogous to statutes long in effect that barred gun possession by persons who were intoxicated, mentally ill, or not law-abiding. Defendant's as-applied challenge to § 922(g)(3) under the Due Process Clause is held in abeyance awaiting a determination of the relevant facts.

Accordingly, IT IS ORDERED that

1. Defendant's motion to dismiss based on facial challenges to 18 U.S.C. §§ 922(g)(1) and 922(g)(3) is denied; and

2. Defendant's as-applied challenge under the Due Process Clause is held in abeyance pending a determination of the relevant facts.

Dated this 9th day of November, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK